IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FUTO, | ) | CASE NO. 1:09CV3012 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| KEITH SMITH, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Richard Futo ("Futo") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on December 30, 2009.  Futo is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Futo*, Case No. CR-06-478498-A (Cuyahoga County 2007). For the reasons set forth below, Futo's petition should be dismissed.

I.

The state appellate court reviewing Futo's conviction found the following facts to be relevant to his case:

> {¶ 2} Futo was charged with 16 counts of rape, 28 counts of gross sexual imposition, and 28 counts of kidnapping, involving his daughter who was under the age of 13.  He pled not guilty, and a jury trial ensued.
>
> {¶ 3} The victim testified that from first grade through fourth grade her father would sexually molest her when she would visit.  She testified that he would ask

for a hug from her, and then he would unzip his pants, and make her play "with his privates and put [it] in my mouth." She testified that this happened about six times each year. The victim stated that if she did not give Futo a "hug" she would not get to go places with her cousins. She said that at first she was too young to comprehend what was going on "but had a feeling it was bad."

{¶ 4} The victim testified that it always happened in Futo's bedroom during the day time, except the last time it happened at night in the patio/family room. She testified that she was asleep on the couch when Futo came home and asked her to give him a "hug." She said he unbuckled his pants and made her play with his "privates." She testified that while she was fondling Futo, "white stuff came out." He made her "put [it] in her mouth," and she pushed him away. She asked him to stop and said that she would tell if he didn't. Futo told her that she would be in big trouble if she told. The victim did not tell until four years later.

{¶ 5} At the Criminal Rule 29 hearing, the court dismissed all but 12 counts, leaving four counts of rape, four counts of gross sexual imposition, and four counts of kidnapping. The jury found Futo guilty of two counts of rape, two counts of gross sexual imposition, and two counts of kidnapping. The trial court labeled him a sexually oriented offender and sentenced him to two consecutive life sentences.

*State v. Futo*, 2008 WL 2623958, *1 (Ohio App. July 3, 2008).

Futo timely appealed his conviction to the state appellate court. He raised four assignment of error on appeal:

Assignment of Error I

The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the complainant's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony.

Assignment of Error II

The trial court abused its discretion by imposing maximum, consecutive sentences in this case, despite finding that appellant did not pose a significant threat of future offenses when finding defendant was a sex offender as opposed to a sexual predator.

2

>Assignment of Error III
>
>>Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence.
>
>Assignment of Error IV
>
>>Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence.

On July 3, 2008, the state appellate court overruled Futo's assignments of error and affirmed the judgment of the trial court.

>Futo timely appealed the appellate court's decision to the Ohio Supreme Court.

In his memorandum in support of jurisdiction, Futo asserted four propositions of law:

>Proposition of Law No. I: The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the complainant's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony.
>
>Proposition of Law No. II: The trial court abused its discretion and violated appellant's constitutional right to due process and a fair trial and violated appellant's constitutional protection against cruel and unusual punishment by imposing maximum, consecutive sentences in this case, despite finding that appellant did not pose a significant threat of future offenses when finding defendant was a sex offender as opposed to a sexual predator.
>
>Proposition of Law No. III: Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence.
>
>Proposition of Law No. IV: Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence.

On December 31, 2008, the Ohio Supreme Court denied Futo leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Futo filed a petition for a federal writ of habeas corpus in this court on December 30, 2009.  Futo asserts four grounds for relief in his petition:

> Ground one:  The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the alleged victim's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony.
>
> Ground two:  The trial court abused its discretion by imposing maximum, consecutive sentences in this case, despite finding that Mr. Futo did not pose a significant threat of future offenses when finding Mr. Futo was a sex offender as opposed to a sexual predator.
>
> Ground three:  Mr. Futo's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence.
>
> Ground four:  Mr. Fulto's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence.

Respondent filed an Answer/Return of Writ on April 29, 2010.  Doc. No. 6.  Futo filed a Traverse on August 2, 2010.  Doc. No. 11.  Thus, the petition is ready for decision.

II

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Futo.  Futo filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted

4

and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has jurisdiction over Futo' petition.

*B.     Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of Futo's claims involve legal issues which can be independently resolved without additional factual inquiry.

*C.     Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly

5

satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because exhaustion is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Futo has no state remedies available for his claims. Because no state remedies remain available to him, Futo has exhausted state remedies.

*D.    Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue. See *McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Respondent does not argue that Futo has defaulted any of his claims.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct., at 653.

7

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Williams, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  Id. at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." Id. at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  Doan v. Brigano, 237 F.3d 722, 729-31 (6th Cir. 2001).  The court will examine Futo's four grounds for relief using the deferential standard applied to state court rulings on the petitioner's claims.

*A.    Ground one:  Whether the trial court violated Futo's right to due process and a fair trial by initially permitting a witness for the state to vouch for the alleged victim's testimony*

Futo contends in his first ground for relief that the trial court violated his right to due process and a fair trial by initially allowing a state's witness of vouch for the credibility of the alleged victim.  Futo further argues that the trial court only changed its

8

ruling and gave a curative instruction for the improper vouching for the victim's testimony when it realized that it would have to permit the testimony of a detective that would vouch for Futo's testimony. Respondent replies that the error alleged by Futo does not rise to the level of a constitutional claim.

"[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1083). Nevertheless, "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 542 (6th Cir. 2003). Courts have very narrowly defined, however, infractions that violate "fundamental fairness." *Id.* (citing *Dowling v. United States,* 493 U.S. 342, 352 (1990)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Bugh*, 329 F.3d at 542 (quoting *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir.2000)).

The state appellate court reviewing the parallel assignment of error on direct appeal made the following relevant findings of fact and conclusions of law on direct appeal:

> {¶ 8} Futo complains that an employee of the Medina County Children and Family Services Department, Tricia Carchedi, improperly vouched for the victim's credibility during the following exchange:
>
> {¶ 9} "State: You observed [the victim]. You heard what she said. You documented what she said and you affixed your signature to a report.
>
> {¶ 10} "Ms. Carchedi:  Right, and I believed her."

9

{¶ 11} Futo's attorney objected, but the court overruled his objection. At sidebar, Futo's attorney requested that the statement be stricken and a curative instruction given to the jury. The court gave the jury the following instruction:

> "Ladies and gentlemen, before I start with the next witness you may recall when the last witness was here she was asked a question regarding her report and she said something to the effect that, and I believe her answer was she indicated that she believed the alleged victim. You're instructed to disregard that remark because remember my original instructions to you which you will receive at the end of the case also, you are the triers of fact. You have the right to believe or disbelieve any witness and all or any part of their testimony so you alone are the people who will decide this issue."[1]

{¶ 12} In *State v. Boston* (1989), 46 Ohio St.3d 108, 128, the Ohio Supreme Court held that the witness's testimony, regarding the truthfulness of the child victim's statements about sexual abuse, were "not only improper" but "egregious, prejudicial and constitutes reversible error." Nevertheless, recent case law states that *Boston* does not apply when the child victim actually testifies and is subjected to cross-examination. *State v. Benjamin,* Cuyahoga App. No. 87364, 2006-Ohio-5330, citing *State v. Curren,* Morrow App. No. 04 CA 8, 2005-Ohio-4315; *State v. Fusion* (Aug. 11, 1998), Knox App. No. 97 CA 000023.

{¶ 13} Here, the victim testified and was subject to cross-examination, so any error with the admission of the testimony was harmless. Further, the trial court issued a curative instruction telling the jury to disregard the witness's opinion as to the credibility of the victim. The jury can be presumed to have followed the court's instructions, including instructions to disregard testimony. *State v. Ahmed,* 103 Ohio St.3d 27, 42, 2004-Ohio-4190.

{¶ 14} We also disagree with Futo's argument that the detective's opinion regarding the victim's credibility should have been admitted. Again, under *Boston* and its progeny, neither an expert nor a lay witness may testify regarding a victim's credibility. This includes police officers. See *State v. Djuric,* Cuyahoga App. No. 87745, 2007-Ohio-413; *State v. Miller* (Jan. 26, 2001), Montgomery App. No. 18102. Accordingly, Futo's first assignment of error is overruled.

*Futo*, 2008 WL 2623958 at *2.

In his arguments in support of this ground for relief, Futo cites only state law to

---

[1] According to Futo, at the sidebar, the attorney for the state renewed his motion in limine to exclude the testimony of a detective who would vouch for Futo's credibility. It was at this point, Futo claims, that the court reversed its ruling regarding Carchedi's testimony and gave a curative instruction.

support his substantive arguments. His sole citation of federal law is *Maglaya v. Buchkoe*, 515 F.2d 265 (6th Cir. 1975), for the proposition that an egregious violation of state law may rise to the level of a constitutional violation of the right to due process and fundamental fairness. Moreover, in reciting state law, Futo merely repeats the arguments he made to the state appellate court. He does not respond in any way to the appellate court's legal analysis and determination that the trial court did not commit prejudicial error. Moreover, Futo cites no holding of the Supreme Court to support his contention that the trial court's decisions violated his right to due process and a fair trial. Consequently, Futo does not demonstrate that the appellate court's determination that the trial court did not commit prejudicial error pursuant to Ohio law, nor does he demonstrate that any alleged error rose to the level of a constitutional violation. For this reason, Futo has failed to carry his burden to prove that the trial court's evidentiary rulings were contrary to a holding of the Supreme Court.

For the reasons given above, Futo's first ground for relief should be denied as without merit.

B.  *Ground two: Whether the trial court's imposition maximum and consecutive sentences without finding that Futo pose a threat of committing future offenses violated his protection against cruel and unusual punishment*

In his second ground for relief, Futo argues that the trial court's imposition of two consecutive life sentences without finding that he posed a threat of committing future offenses violated his Eighth Amendment protection against cruel and unusual punishment. Respondent contends that this claim is without merit.[2]

---

[2] Respondent also argues that this claim is not cognizable as a ground for habeas relief. Respondent errs. Futo's assertion that his sentencing violated his Eighth

11

The state appellate court reviewing Futo's appeal of his sentencing issued the following findings of fact and conclusions of law in overruling Futo's assignment of error:

> {¶ 17} Futo argues that his sentence is inconsistent because the court found that Futo was not likely to re-offend when the court labeled him a sexually oriented offender. Therefore, Futo argues that he should not have received consecutive life sentences.
>
> {¶ 18} Under Ohio law, judicial fact-finding is no longer required before a court imposes maximum, consecutive, or more than the minimum prison terms. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. Instead, the trial court is vested with full discretion to impose a prison term within the statutory range. *Id .; State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." *Mathis,* supra. Therefore, post-*Foster,* trial courts are still required to "consider" the general guidance factors in their sentencing decisions; however, there is no requirement that this be done on the record. See *State v. Harrison,* Cuyahoga App. No. 88957, 2007-Ohio-3524.
>
> {¶ 19} In *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph one of the syllabus, the Ohio Supreme Court held that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." The court went on to state that, "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time," and "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." *Id.* at ¶ 8-9.
>
> {¶ 20} R.C. 2953.08(G)(2)(a) provides that our review is limited to determining if there is "clear and convincing evidence to show that the record does not support the sentencing court's [action]." See *State v. Yuravak,* Cuyahoga App. No. 89891, 2008-Ohio-2186.

---

Amendment rights is, indeed, cognizable as a ground for habeas relief. Futo, however, never raised this claim as a federal claim in his direct appeal at the state level. Rather, his direct appeal only argued that his sentencing violated Ohio law. Consequently, Futo procedurally defaulted this claim as a federal claim. Respondent has not raised a defense of procedural default against this claim, however. As procedural default is a defense that must be asserted by the state, this court must examine the merits of Futo's second ground for relief.

12

> {¶ 21} Here, Futo was convicted of two counts of rape of a child under the age of 13 with force, which requires a mandatory life sentence for each count. The trial court ordered the rape counts be served consecutively because of the age of the victim, the fact that Futo was her father and his daughter trusted him, and the impact that the crimes had on the victim. After reviewing the record, we cannot say that it does not support the sentence imposed. Accordingly, Futo's second assignment of error is overruled.

*Futo*, 2008 WL 2623958 at *3.

In his arguments in support of this ground for relief, Futo again cites only state law to support his substantive arguments. Indeed, he makes no argument and cites no law in support of his contention that his sentencing violated his rights under the Eighth Amendment. Instead, he again recites those arguments he made in the state appellate court and makes no effort to address the appellate cout's determination that his sentencing was proper under Ohio law. Consequently, Futo has failed to carry his burden to prove that his sentencing was contrary to a holding of the Supreme Court.

For these reasons, Futo's second ground for relief should be denied as without merit.

C.  *Grounds three and four: Whether Futo's conviction violated his right to due process because it was based on insufficient evidence*

In his third ground for relief, Futo argues that his conviction violated his right to due process because in rested upon insufficient evidence. His fourth ground for relief asserts that his conviction violated his right to due process because it was against the manifest weight of the evidence. According to Futo, the victim's varying accounts of the incidents in question were inconsistent with each other and with other evidence in the case. Respondent replies that these claims are without merit.

A claim that a conviction is against the manifest weight of the evidence does not

13

state a constitutional violation. A habeas court faced with such a claim should interpret that claim as an assertion that there was insufficient evidence to support the conviction. *See, e.g. Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006). Consequently, Futo's first and second grounds for relief state the same claim, that his conviction violated his due process rights because it was based upon insufficient evidence.

A petitioner who claims that the evidence at trial was insufficient for a conviction must demonstrate that after viewing the evidence in the light most favorable to the prosecution no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Scott v. Mitchell,* 209 F.3d 854, 885 (6th Cir. 2000). This is the standard whether the evidence against the petitioner is direct or circumstantial. *Spalla v. Foltz,* 788 F.2d 400, 402 (6th Cir. 1986). It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *Holland v. United States,* 348 U.S. 121, 140 (1954).

> The role of the reviewing court in considering such a claim is limited:
>
> A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker,* 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Ibid.*

*Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003). "[A]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence." *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (quoting *United States v. Adamo,* 742 F.2d 927, 935 (6th Cir.1984)).

The state appellate court examining this claim on direct review issued the following relevant findings of fact and conclusions of law:

> {¶ 24} Under this assignment of error, Futo argues that the victim's testimony is inconsistent and therefore not credible.
>
> {¶ 25} A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented.  Whether the evidence is legally sufficient to sustain a conviction is a question of law.  See *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997-Ohio-52.  The relevant inquiry in a claim of insufficiency is " 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' "  *State v. Leonard,* 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
>
> {¶ 26} It is well established that an appellate court cannot evaluate the credibility of witnesses on a review for evidentiary sufficiency.  *State v. Yarbrough,* 95 Ohio St.3d 227, 240, 2002-Ohio-2126; see, also, *State v. Murphy* (2001), 91 Ohio St.3d 516, 543, 2001-Ohio-112; *State v. Waddy* (1992), 63 Ohio St .3d 424, 430; *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.  The weight to be given the evidence and credibility of the witnesses are primarily for the trier of fact.  *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80.  Furthermore, the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility.  *State v. Bezak,* Cuyahoga App. No. 84008, 2004-Ohio-6 623.  Thus, in reviewing the legal sufficiency of evidence to support a jury verdict, it is the minds of the jurors rather than a reviewing court that must be convinced.  *Thomas,* supra, citing *State v. Petro* (1947), 148 Ohio St. 473, 501-502; *DeHass,* supra.
>
> {¶ 27} In this case, the victim testified that her father made her play with his "privates and put [it] in her mouth" numerous times over the course of four years.  She also testified that he sometimes "touched her butt."  Finally, she testified that he threatened that if she did not do it, she would not get to play with her cousins, and that if she told anyone, she would get in trouble.  We find that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find the essential elements of rape, gross sexual imposition, and kidnapping proved beyond a reasonable doubt.  Accordingly, Futo's third assignment of error is overruled.

*Futo*, 2008 WL 2623958 at *4.

Once again, Futo recites the same arguments he made on direct appeal in the

state appellate court and fails to respond in any way to the subsequent opinion of the appellate court.  He does, however, cite the Supreme Court's holding in *Jackson* for the proposition that a conviction upon insufficient evident violates a defendant's right to due process.  He also asserts that no rational trier of fact could have found him guilty based upon the inconsistencies in the victim's testimony.

An attack on testimony based on inconsistencies in that testimony is an attack on the witness's credibility.  As noted above, attacks on a witness's credibility are challenges to the quality of the government's evidence, not to the sufficiency of the evidence.  A court sitting in habeas review does not re-evaluate the credibility of witnesses.  *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2000).  As long as any rational trier of fact could have convicted the defendant on the evidence presented, the defendant's conviction did not violate due process.

In the instant case, the state appellate court found that there was sufficient evidence adduced at trial to allow a rational trier of fact to find Futo guilty.  Futo has not shown by clear and convincing evidence that the appellate court erred in reaching this conclusion.  Moreover, this court agrees with the trial court that there was sufficient evidence to allow a rational trier of fact to find Futo guilty.  The jury was within its prerogatives to believe the victim's testimony, despite inconsistencies in her testimony.  Consequently, Futo has not carried his burden of demonstrating that his conviction was an unreasonable application of clearly established federal law.

For this reason, Futo's third and fourth grounds for relief should be denied as without merit.

IV.

For the reasons given above, Futo's petition for a writ of habeas corpus should be dismissed as without merit.

Date: October 20, 2010 /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**