# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FUTO, | ) | CASE NO. 1:09CV3012 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Nancy Vecchiarelli recommending that the habeas petition be denied and the case dismissed. (Doc. No. 12.) Petitioner has filed objections to the R&R. (Doc. No. 15.) Respondent filed no response to the objections. The Court has conducted its *de novo* review of the matters properly raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the objections are overruled, the R&R is accepted, and this matter is dismissed.

## I. BACKGROUND

Petitioner was indicted on 16 counts of rape, 28 counts of gross sexual imposition and 28 counts of kidnapping involving his daughter who was under the age of 13. At the close of the State's case at the jury trial, the trial court dismissed all but 12 counts, allowing the State to pursue one count of rape, one count of gross sexual imposition and one count of kidnapping for each school year from complainant's first grade through fourth grade (i.e., 1997 through 2001).

On March 16, 2007, the jury found petitioner guilty of two counts of rape, two counts of gross sexual imposition, and two counts of kidnapping. At his April 24, 2007 sentencing hearing, he was found to be a sexually oriented offender under Ohio law and was sentenced to two consecutive life sentences. (Return, Ex. 8.)

Represented by counsel, petitioner took a direct appeal, raising the following four assignments of error:

1. The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the complainant's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony.

2. The trial court abused its discretion by imposing maximum, consecutive sentences in this case, despite finding that appellant did not pose a significant threat of future offenses when finding defendant was a sex offender as opposed to a sexual predator.

3. Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence.

4. Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence.

(Return, Ex. 6.) On July 3, 2008, the Ohio court of appeals affirmed. (Return, Ex. 8.)

Still represented by counsel, petitioner appealed to the Ohio Supreme Court (Return, Ex. 9), raising four propositions of law:

I. The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the complainant's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony.

> II. The trial court abused its discretion and violated appellant's constitutional right to due process and a fair trial and violated appellant's constitutional protection against cruel and unusual punishment by imposing maximum, consecutive sentences in this case, despite finding that appellant did not pose a significant threat of future offenses when finding defendant was a sex offender as opposed to a sexual predator.
>
> III. Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence.
>
> IV. Appellant's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence.

(Return, Ex. 10.) On December 31, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the case as not involving any substantial constitutional question.

On December 30, 2009, represented by counsel, Futo filed the instant petition for writ of habeas corpus. He asserted four grounds for relief:

> 1. The trial court committed prejudicial, reversible error in violation of appellant's constitutional right to due process and a fair trial when the trial court initially allowed a state's witness to vouch for the alleged victim's credibility and then, when confronted with the prospect of a detective's potential testimony that the complainant was not credible, instructed the jury to disregard the vouching testimony.
>
> 2. The trial court abused its discretion by imposing maximum, consecutive sentences in this case, despite finding that Mr. Futo did not pose a significant threat of future offenses when finding Mr. Futo was a sex offender as opposed to a sexual predator.
>
> 3. Mr. Futo's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his convictions are not supported by sufficient evidence.
>
> 4. Mr. Futo's right to due process as found in the Fifth Amendment of the United States Constitution was violated as his conviction is against the manifest weight of the evidence.

## II. DISCUSSION

**A.      Standard of Review**

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." This *de novo* review requires the Court to apply the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing the amendments.

Title 28, Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained these provisions as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 412-13.

This Court may not, however, consider "contentions of federal law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). If a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

If a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself be presented to the state courts as an independent claim before it may be used to establish cause. *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986). If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

**B.     The R&R**

The R&R addressed each of the grounds on its merits, treating grounds three and four together.

The R&R rejected ground one because errors in state law do not rise to the level of constitutional violations and petitioner failed to carry his burden to prove that the trial court's evidentiary rulings were contrary to a holding of the Supreme Court.

The R&R rejected ground two because petitioner failed to make any argument or cite any law in support of his contention that his sentencing violated the Eighth Amendment. In addition, although he challenged his sentence on direct appeal, he did so solely on state law grounds and did not raise any federal constitutional challenge. Consequently, petitioner failed to prove that his sentencing was contrary to any holding of the Supreme Court.

The R&R rejected grounds three and four, which both assert that petitioner's conviction violated due process because it was based upon insufficient evidence. To prevail on these grounds, petitioner must show that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000). Although he makes this argument, he does not show by clear and convincing evidence based on the record that there was insufficient evidence to convict him. Further, although he attacks the credibility of the complainant's testimony because of alleged inconsistencies, a habeas court does not re-evaluate witness credibility. Therefore, petitioner has not met his burden of demonstrating that his conviction was an unreasonable application of clearly established federal law.

**C.     Analysis of Petitioner's Objections to the R&R**

Petitioner has filed objections wherein he "incorporates by reference [...] his original Petition for Writ of Habeas Corpus and his Traverse Brief [...] and further states that he is entitled to the relief prayed for based upon the arguments made in these pleadings."

(Objections at 1.) With very brief explanation, he simply restates the legal conclusions upon which he based his four grounds for relief. He is not specific in any way nor does he point to any alleged factual or legal errors in the R&R.

This Court has an obligation to give *de novo* review only to matters "properly objected to." Rule 72(b)(3); *see, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-- factual and legal--that are at the heart of the parties' dispute."); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objection must [...] pinpoint the specific findings that the party disagrees with"); *VanDiver v. Martin*, 304 F.Supp.2d 934, 937-38 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Brewer v. State of Ohio*, No. 3:09-cv-462, 2010 WL 2985939, at * 1 (S.D. Ohio July 27, 2010) (same); *Renelique v. Doe*, No. 99-10425, 2003 WL 23023771, at * 1 (S.D.N.Y. Dec. 29, 2003) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.").

Because petitioner's objections add nothing new to the argument and fail to point to specific factual or legal errors in the R&R, but only expressly reiterate the arguments made in his petition and traverse, the Court need not address them *de novo*. Finding no clear error in any of the factual or legal conclusions of the R&R, the Court overrules each of petitioner's objections.

## III. CONCLUSION

For the reasons set forth above, the Court rejects petitioner's objections to the R&R. The R&R is accepted and this case will be dismissed by separate judgment entry.

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: May 10, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**