# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FUTO, | ) | CASE NO. 1:09-cv-3012 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KENNETH SMITH, Warden, | ) | |
| nka LASHANN EPPINGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the motion of petitioner for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. No. 18.) Although the motion was served electronically on respondent, no opposition or response has been filed. For the reasons set forth below, the motion is denied.

On December 30, 2009, represented by retained counsel, Richard Futo ("Futo") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a return/answer (Doc. No. 6) and Futo filed his traverse/reply (Doc. No. 11). On October 20, 2010, a magistrate judge issued a well-reasoned 17-page Report and Recommendation ("R&R") examining each of Futo's four grounds for relief and recommending that his petition for habeas corpus be dismissed. (Doc. No. 12.) Futo, who was represented by retained counsel from the outset of his case, filed two motions for extensions of time to file his objections; both motions were granted. On January 3, 2011, the date of his second extension, Futo, through his counsel, filed his objections to the R&R. (Doc. No. 15.)

On May 10, 2011, this Court overruled Futo's objections and dismissed the case, certifying that an appeal could not be taken in good faith and that there was no basis upon which to issue a certificate of appealability. (*See* Doc. Nos. 16, 17.)

On August 2, 2018, more than seven years after the case was dismissed, the instant motion was filed by Futo, now represented by new counsel. In his motion, supported by an affidavit, Futo argues that (1) he only met on one occasion with his prior counsel; (2) at that meeting, he and his prior counsel discussed the case only in generalities; (3) prior counsel never provided Futo with a copy of the habeas petition; (4) prior counsel never supplied Futo with a copy of "the document seeking dismissal";[1] (5) prior counsel failed to consult with Futo with respect to his traverse; (6) prior counsel did not supply Futo with a copy of the R&R; (7) prior counsel did not supply Futo with a copy of the objections filed on his behalf; (8) prior counsel never advised Futo that a final ruling had been made and/or never supplied Futo with a copy of the final ruling; (9) prior counsel never advised Futo that a habeas corpus petition was pending; (10) Futo had no communication with prior counsel after their initial meeting; and (11) Futo had no knowledge that a habeas proceeding had been filed until he retained his current counsel and, therefore, had no opportunity to appeal. (Mot. at 313.[2])

Under Fed. R. Civ. P. 60(b), a court may grant relief from a final judgment for five particular reasons articulated in the rule and for a sixth "catch-all" reason – that is, "any other reason that justifies relief." "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment, and such circumstances 'rarely occur' in habeas cases." *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)[3]).

---

[1] There was no such document. Respondent simply filed a "Return of Writ." (Doc. No. 6.)

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] The Court in *Gonzalez* also noted that "[m]any Courts of Appeals have [even] construed 28 U.S.C. § 2253 to impose an additional limitation on appellate review by requiring a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion." *Gonzalez*, 545 U.S. at 535. The Sixth Circuit appears to have taken this

In addition, any Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay[.]" *Tyler*, 749 F.3d at 510 (internal citations omitted). "Whether a motion for post-judgment relief has been filed within a 'reasonable' time depends upon the facts of a given case 'including the length and the circumstances of the delay … and the circumstances compelling equitable relief.'" *Brown v. United States*, No. 5:00CV1650, 2008 WL 5055656, at *4 (N.D. Ohio Nov. 20, 2008) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) and citing Sixth Circuit cases holding that a Rule 60(b) motion filed more than three years after final judgment is untimely).

Futo's motion relies on the "catch-all" reason in Rule 60(b)(6). He asks this Court to vacate its prior order dismissing the case and to reopen the entire case or, in the alternative, to reinstate the judgment so he can pursue further remedies. Futo's entire argument consists of a five-page quotation from a Ninth Circuit Court of Appeals case[4] and an assertion that he was "totally deprived of his right to pursue a Certificate of Appealability in a habeas proceeding **which he did not even know existed**." (Mot. at 318, emphasis in original.)

Notwithstanding that the Supreme Court has made clear that "[a]s mandated by federal statute, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition[,]" *Miller-El v. Cockrell*, 537 U.S. 322, 335, 123 S. Ct. 1029,

---

stance. *See Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) (citing *Gonzalez*). However, even under *Tyler*, the instant motion would not first require a COA because "it does not assert, or reassert, claims of error in the movant's state conviction." *Id*. (quoting *Gonzalez*).

[4] Futo quotes *Washington v. Ryan*, 833 F.3d 1087 (9th Cir. 2016), where the Ninth Circuit reversed the district court's denial of a Rule 60(b) request to vacate and reenter its judgment so that petitioner (a death row inmate) could pursue an appeal of the denial of his habeas petition after he initially filed his notice of appeal one day late (due to a calendaring error by his attorney), and then did not timely learn of that error (due to a mistake by the court clerk). *Washington* is completely distinguishable from Futo's case.

154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253),[5] Futo has, in any event, failed to show extraordinary circumstances to justify the relief he seeks in the context of this habeas case. He retained the attorney who initially represented him in this habeas proceeding. Therefore, this was the attorney of his choice.[6] He met with the attorney in the Spring or Summer of 2008 (Futo Aff. ¶ 4) and, even if their discussion was only "in generalities," that does not automatically mean that his counsel did not then present sufficient arguments within his petition and all later filings on his behalf. Futo claims that he was never informed that a habeas petition had been filed on his behalf until he spoke with his current counsel on March 12, 2018. (*Id.* ¶ 8.) But Futo offers *no* explanation for why he would have allowed almost ten years to pass without making an inquiry, especially given the one-year time frame within which a habeas petition must be filed.

Further, even if his other reasons are all accepted as true, although they might reflect less-than-desirable communication with his chosen attorney, that does not equate to extraordinary circumstances that would warrant Rule 60(b)(6) relief. There is no reason why, if he believed his attorney was not communicating satisfactorily with him, Futo could not have simply retained new counsel more acceptable to him. He did not do so.

All that said, even more notable to the Court is the fact that the Rule 60(b) motion fails to identify any *legal missteps* made by Futo's then-retained counsel – things that he and his new

---

[5] "[A] prisoner who was denied habeas relief in the district court must first seek and obtain a COA [certificate of appealability] from a circuit justice or judge." *Id.* at 335-36. Here, this Court expressly denied a certificate of appealability when it dismissed Futo's habeas petition. (*See* Doc. Nos. 16, 17.) Futo's motion does not point out how that decision was in error. Nor does he argue that, had he been given the opportunity to seek a certificate of appealability from the Sixth Circuit, he would have been able to make a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. This is a jurisdictional requirement. *Id.*

[6] The habeas petition indicates the identities of all the attorneys who represented Futo in his state criminal proceedings and none of them is the attorney who represented him here. Therefore, it is clear that he obtained new counsel and that it was counsel of his own choosing, not someone appointed to represent him. This fact is affirmed by his own affidavit, wherein he states that his family retained the attorney. (Futo Aff. ¶ 3.)

counsel would have done differently, which might have resulted in a different result. The motion does not point out what *issues* Futo believes he should be entitled to pursue with a certificate of appealability. Futo's only argument is that his prior counsel did not communicate with him and did not supply copies of filings and/or rulings.

The Sixth Circuit has made clear that "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks and citation omitted; emphasis in original). Futo has failed to satisfy this test, as most aptly illustrated by this admission: "As a result of *my total uninvolvement* in this federal habeas corpus proceeding, I was deprived of any ability to properly prosecute the matter and was certainly deprived of any opportunity to appeal the court's ruling." (Futo Aff. ¶ 11, emphasis added.) Had Futo been even minimally vigilant, even though he is incarcerated, he could have reached out to his original attorney to make inquiries. He did not do so.

The Rule 60(b) motion (Doc. No. 18) is denied. Further, to the extent it may be required, there is no basis upon which to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: October 9, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**